# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL NO. 5:15CV28-FDW-DSC

| | |
|---|---|
| SANDRA J. SEBASTIAN, O/B/O )<br>S.R.S., a MINOR, )<br>        Plaintiff, )<br>)<br>       vs. )<br>)<br>CAROLYN W. COLVIN, )<br>Commissioner of Social )<br>Security Administration, )<br>        Defendant. )<br>_____) | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #9) and "Briefing Supporting … " (document #10), both filed June 22, 2015, and Defendant's "Motion for Summary Judgment" (document #11) and "Memorandum in Support ..." (document #12), both filed August 11, 2015. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.[1]

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be denied; that Defendant's Motion for Summary Judgment be granted; and that the Commissioner's decision be affirmed.

---

[1] Pursuant to the Text-Only Social Security Scheduling Order entered on April 23, 2015, Plaintiff was allowed to file a response brief on or before August 28, 2015. Plaintiff did not file a response.

# I. PROCEDURAL HISTORY

On August 30, 2011, Plaintiff filed an application for Supplemental Security Income ("SSI") on behalf of minor S.R.S. alleging disability as of September 21, 1998 due to a learning disability. (Tr. 128, 167).

Plaintiff's application was denied initially and upon reconsideration. (Tr. 67, 78). Plaintiff subsequently requested a hearing which was held on July 16, 2013. (Tr. 31-56).

On September 26, 2013, the Administrative Law Judge ("ALJ") issued a decision finding that S.R.S. was not disabled. (Tr. 15-29). The ALJ found that S.R.S. had not engaged in substantial gainful activity since the application date. (Tr. 19). The ALJ also found that S.R.S. suffered from a learning disability and allergic rhinitis, which were severe impairments within the meaning of the regulations, id., but did not meet, equal or functionally equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1., including Listing 112.05[2] (mental retardation).[3] (Tr. 19-29). Accordingly, the

---

[2]Listing 112.05 – Mental Retardation is "[c]haracterized by significantly sub-average general intellectual functioning with deficits in adaptive functioning." This "capsule definition" is followed by "severity prongs." In order to satisfy the Listing, a claimant must meet the requirement of both the capsule definition and one of the four severity prongs. The four severity prongs are:

    A. Mental incapacity evidenced by dependence upon others for personal needs (e.g., toileting, eating, dressing, or bathing) and inability to follow directions, such that the use of standardized measures of intellectual functioning is precluded; or
    B. A valid verbal, performance, or full scale IQ of 59 or less; or
    C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function; or
    D. A valid verbal, performance, or full scale IQ of 60 through 70, resulting in at least two of the following:
1. Marked restriction of activities of daily living; or
2. Marked difficulties in maintaining social functioning; or
3. Marked difficulties in maintaining concentration, persistence, or pace; or
4. Repeated episodes of decompensation each of extended duration.

[3]Effective September 3, 2013, the Agency replaced the term "mental retardation" in Listing 112.05 with "intellectual disability" since the former term "has negative connotations, has become offensive to many people, and often results in misunderstandings about the nature of the disorder and those who have it." Change In Terminology: "Mental Retardation" to "Intellectual Disability," 78 Fed. Reg. 46499-01 (Aug. 1, 2013).

ALJ found that S.R.S. was not disabled during the relevant period. (Tr. 29).

Plaintiff filed a timely Request for Review by the Appeals Council. By notice dated December 19, 2014, the Appeals Council denied Plaintiff's request for further administrative review. (Tr. 1-5).

Plaintiff filed the present action on February 20, 2015. She assigns error to the ALJ's conclusion at Step Three that S.R.S. did not meet Listing 112.05D. See Plaintiff's "Brief Supporting ..." at 3-8 (document #10). The parties' cross-Motions are ripe for disposition.

## II. **STANDARD OF REVIEW**

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It

means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. **DISCUSSION OF CLAIM**

The Social Security Act provides that:

> An individual under the age of eighteen (18) shall be considered disabled for the purposes of this title if that individual has a medically determinable physical or mental impairment which results in marked and severe functional limitations, and which can be expected to result in death, or which has lasted, or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §1382(c)(a)(3)(C)(I)), Social Security Act, § 1614(a)(3)(C)(i).

The Commissioner's regulations first direct the ALJ to determine if the minor has been engaging in substantial gainful activity. 20 C.F.R. § 416.924(a),(b). If so, the inquiry ends with a finding that the minor is not disabled. Id. If not, then the ALJ determines whether there is a severe impairment or combination of impairments. 20 C.F.R. § 416.924(a). If there is no medically

4

determinable impairment, or if the impairment is a slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations, then the inquiry ends with a finding that the minor is not disabled. 20 C.F.R. § 416.924(a), (b). If there is a severe impairment, then the ALJ must consider whether that severe impairment or combination of impairments meets or medically equals any listing under 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). 20 C.F.R. § 416.924(d). If the impairment does not meet or medically equal any listing, the ALJ must determine if the impairment or combination of impairments is functionally equivalent to any listing. Id.

As noted above, in order to satisfy any subsection of Listing 112.05, a claimant must first meet the capsule definition, that is, an intellectual disability characterized by significantly sub-average general intellectual functioning with deficits in adaptive functioning. The ALJ adequately supported his finding that S.R.S. does not meet the capsule definition of having deficits in adaptive functioning.

The ALJ correctly noted that S.R.S. has not been diagnosed with borderline intellectual functioning or mental retardation. (Tr. 21). The ALJ cited a psychological assessment that found the minor's adaptive behavior was average to above average. (Tr. 18, 203). Although S.R.S. had difficulties in school, academic skills are only one aspect of adaptive functioning, along with mental, social and personal skills. (POMS DI 24515.056(D)(2)). The record shows that following six years of home schooling, the minor adapted well to a public school environment with some extra assistance. The ALJ further noted that the minor's verbal reasoning abilities were found to be in the low average range. Ms. Davis, the school psychologist, found that the minor was functioning in the low average range of intellect. She also found that his educational achievement

5

on the Wechsler Individual Achievement Test-III ranged from low to below average. He primarily attended regular classes in school and made average grades in eighth grade language arts and social studies. He could understand information presented verbally and did not hesitate to participate in classroom discussions.

This Court has held that a claimant who was functionally illiterate and placed in special education classes did not have deficits in adaptive functioning. Caldwell v. Astrue, No. 1:09-cv-00233, 2011 WL 4945959, at *4 (W.D.N.C. Oct. 18, 2011) (substantial evidence supported adjudicator's finding that claimant did not meet adaptive functioning element notwithstanding facts that claimant "could not read or write" and attended special education classes); see also, e.g., Libby v. Astrue, No. 2:10-cv-292-JAW, 2011 WL 2940738, at *12 (D. Me. July 19, 2011) (affirming finding that claimant who attended special education classes had no deficits in adaptive functioning), aff'd, No. 11-2066, 2012 WL 1149352 (1st Cir. Apr. 5, 2012).

Since Plaintiff failed to carry her burden to meet the capsule definition, there is no need to consider whether the minor's allergic rhinitis and IQ score of 70 meet the 112.05D severity prong.

Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles v. Shalala, 29 F.3d 918, 923 (4th Cir. 1994) (citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). This is precisely such a case, as it contains substantial evidence to support the ALJ's treatment of the record and the hearing testimony, and his ultimate determination that S.R.S. was not disabled.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #9) be **DENIED;** that Defendant's "Motion for Summary Judgment" (document #11) be **GRANTED**; and that the Commissioner's determination be **AFFIRMED.**

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Frank D. Whitney.

**SO RECOMMENDED AND ORDERED**.

Signed: September 16, 2015

_____
David S. Cayer
United States Magistrate Judge