UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:15-cv-00028-FDW-DSC

| | |
|---|---|
| SANDRA SEBASTIAN O/B/O S.R.S., a MINOR,<br><br>    Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | ORDER |

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment (Doc. No. 9) and Defendant Acting Commissioner of Social Security Carolyn Colvin's Motion for Summary Judgment (Doc. No. 11). Pursuant to 28 U.S.C. § 636 (b)(1)(B), these motions were referred to the magistrate judge for issuance of a Memorandum and Recommendation ("M&R") for disposition (Doc. No. 13). The M&R respectfully recommends Plaintiff's Motion be denied, Defendant's Motion be granted, and the Commissioner's decision be affirmed. After Plaintiff filed objections to the M&R (Doc. No. 14), and Defendant filed a response to Plaintiff's Objections (Doc. No. 15), this matter is now ripe for review. For the reasons set forth, the Court OVERRULES Plaintiff's objections, ACCEPTS and ADOPTS the M&R, DENIES Plaintiff's Motion for Summary Judgment, GRANTS Defendant's Motion for Summary Judgment, and AFFIRMS the Commissioner's decision.

## BACKGROUND

Plaintiff does not lodge any specific objections to the procedural history section contained in the M&R. Therefore, the portion of the M&R entitled "Procedural History" is hereby adopted

1

and incorporated by reference as if fully set forth herein. Likewise, Plaintiff did not lodge any specific objections to the applicable law cited by the M&R. Thus, the applicable law is also adopted and incorporated by reference as if fully set forth herein. Because the procedural posture before this Court is different than that of the magistrate judge, the Court provides a short review of the applicable legal authority for reviewing an M&R.

### STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of the Commissioner's final decision to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). This Court does not review a final decision of the Commissioner *de novo*. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). "[I]it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." Hays, 907 F.2d at 1456; Rhyne, 2011 WL 1239800 at *2.

As noted above, this matter was first referred to the magistrate judge for M&R. The Federal Magistrate Act states that a district court "shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). *De novo* review is not required, however, "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations."

Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); see also Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). Furthermore, no review is required of those portions of the M&R which are not subject to an objection. Homesley v. Freightliner Corp., 122 F. Supp. 2d 659, 660 (W.D.N.C. 2000) (citing Thomas v. Arn, 474 U.S. 140, 149 (1985)).

Upon careful review of the record, the district court may accept, reject, or modify the findings or recommendations made by the magistrate judge. Camby, 718 F.2d at 200. Based on the foregoing, the Court has thoroughly reviewed the M&R and conducted a *de novo* review of those parts of the M&R subject to Plaintiff's objection.

## ANALYSIS

The sole issue presented is whether the Administrative Law Judge ("ALJ") erred in finding that Plaintiff did not meet, medically equal, or functionally equal the requirements of Listing 112.05D. Plaintiff specifically objects to the M&R's conclusion that the ALJ adequately explained her finding that S.R.S. does not have the deficits in adaptive functioning necessary to meet Listing 112.05D. This Court reviews this conclusion *de novo*.

Plaintiff argues that the ALJ failed to resolve the conflicting evidence: specifically, S.R.S.'s record of academic deficiencies and their impact on S.R.S's deficits in adaptive functioning. The ALJ recognized that despite the claimant's IQ score, "the evidence does not support a finding that the claimant has deficits in adaptive functioning." (Doc. No. 8-3, p. 19). The ALJ then discussed the claimant's mother's testimony, as well as the testimony and psychological evaluation in February and March 2013 of the claimant by Dr. Marisa Davis. Dr. Davis reported that the claimant's adaptive scores ranged from Average to Above at school and in the extremely low range at home. Id. Dr. Davis opined that the inconsistencies could be "due to

3

actual differences in behavior or varying behavioral expectations at home (Exhibit 13E)." The ALJ stated, "Since there is no evidence, which clearly indicates that the claimant has deficits of adaptive functioning, I find that that the claimant does not meeting the requirements of Section 112.05 of the Listing of Impairments." (Doc. No. 8-3, pp. 19-20). Here, it is clear the AJL considered S.R.S.'s academic performance, as well as accepted the explanation for the inconsistencies provided by Dr. Davis.

Even Plaintiff's own filing recognizes that the ALJ considered the evidence of S.R.S.'s academic deficiencies: "[O]bjective evidence does reveal that the claimant has significant deficiencies with academic achievement. Nevertheless, the claimant's adaptive functioning is normal." (Doc. No. 14, p. 6; quoting the Transcript at p. 20). Turning to the ALJ's decision, that analysis indicates:

> The objective evidence reveals that the claimant has significant difficulty with academics, but that fact is not persuasive that the claimant is "disabled." On the other hand, objective evidence does reveal that the claimant has significant deficiencies with academic achievement. Nevertheless, the claimant's adaptive functioning is normal. Also worth noting, is that the claimant was home schooled for many years and only recently transitioned into public school but generally speaking, the claimant's transition went well. As previously stated, Mrs. Sebastian testified that the claimant cannot wash his own hair or brush his own teeth, has cleanliness issues and mumbles a lot. Yet, the claimant's adaptive behavior skills were rated to be average when he was evaluated by his school (Exhibit 13E/3). In addition, during a consultative psychological evaluation performed in August 2011, the examiner observed only a slight speech impediment (Exhibit 2F). These inconsistencies diminish Mrs. Sebastian's credibility regarding her conclusion about the claimant's ability to function. I will not attempt to resolve the inconsistencies. The most important fact to note is that the evidence does not show that the claimant is incapable of learning, but rather shows that he has difficulty with academics. . . . .
>
> . . . .
>
> After careful consideration of the entirety of the record, I am persuaded that the claimant has "marked" limitation in the domain of acquiring and using information.

> I have considered that the claimant yielded a Full Scale IQ score of 70 on more recent psychological testing and has a history of academic delays. However, the claimant has not been classified as borderline intellectual functioning or mentally retarded. . . . Moreover, there is little to no indication that the claimant's low average functioning has any significant impact on his health or physical well-being, as the claimant's mother testified that he has no physical problems.

(Doc. No. 8-3, pp. 21-22). These findings are supported by the record evidence.

Additionally, the ALJ's decision discusses in great detail different tests and other measures conducted at various times and by various examiners, and, after weighing these evaluative tools, found that S.R.S. showed signs of academic improvements once he was placed in special education classes. (Doc. No. 8-3, p. 25; Tr. p. 24). Other evidence shows that S.R.S. continued to adjust well once in the public school system. See, e.g., Doc. No. 8-3, p. 26. Plaintiff identifies no evidence that was excluded from the ALJ's analysis of S.R.S.'s academic abilities. This case is therefore distinguishable from the unpublished Salmons v. Astrue case out of this district, which is cited by Plaintiff. No. 5:10CV195-RLV, 2012 WL 1884485, at *8 (W.D.N.C. May 23, 2012). In that case, it was not the mere existence of inconsistent evidence that warranted remand; instead, it was the fact that the ALJ failed to properly weigh that evidence in the first instance. Id. at *8. Remand was appropriate because "the Court's substantial evidence review is frustrated by the fact that neither Dr. Selser nor the ALJ speak to the findings made in 2004 versus in 2009, particularly, with respect to how that might affect any finding as to onset of impairment. On remand, the ALJ will have the opportunity to consider the discrepancy in the IQ testing as well as the different diagnoses rendered by Dr. Welser." Id. at *8. Here, the ALJ's decision and discussion indicates the ALJ recognized the discrepancies, identified them, and weighed the evidence, ultimately finding S.R.S. to not be disabled. Plaintiff's arguments that the ALJ failed to recognize the significance of S.R.S.'s academic deficiencies is unfounded.

Substantial evidence supports the ALJ's determination that claimant is not disabled. The Fourth Circuit has recognized, "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles v. Shalala, 29 F.3d 918, 923 (4th Cir. 1994) (citation omitted); see also Radford v. Colvin, 734 F.3d 288, 296 (4th Cir. 2013) ("[I]t is not our province to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ] . . . .") (internal quotation and citation omitted).

## CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's objections to the M&R are OVERRULED, the M&R is ACCEPTED and ADOPTED, Plaintiff's Motion for Summary Judgment is DENIED, Defendant's Motion for Summary Judgment is GRANTED, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

Signed: March 23, 2016

Frank D. Whitney
Chief United States District Judge